<hr />

**HARTMAN, Jr., Plaintiff-Appellant, v. WOOLLEY et, Defendants-Appellees.**

Ohio Appeals, Second District, Shelby County.

No. 159. Decided November 1, 1951.

C. V. Lewis, E. J. Garmhausen, Sidney, for plaintiff-appellant.
Cummins & Boller, Sidney, for defendant-appellee, George Wooley.
H. K. Forsyth, Sidney, for defendants-appellees, M. L. Hinton, John Bailey and Wilson Warrick.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Court of Common Pleas rendered upon the verdict of a jury in favor of the defendants. The action was one for damages arising out of a collision between an automobile owned by the defendant, George Woolley, in which the plaintiff was either a paid passenger or guest, and a road roller parked off of the improved portion of the highway, owned by the defendants, Hinton, Bailey and Warrick.

The facts pertinent to the issues presented reveal that at the time complained of the plaintiff and defendant, Woolley, were traveling on U. S. Route 25 in Woolley's automobile; that they had driven over this route earlier in the evening from Sidney to Lima, Ohio, a distance of approximately thirty miles, and it was on the return trip that the accident occurred, about two o'clock in the morning; that the area in which the collision occurred was under construction but open to traffic, being marked with warning signs indicating a safe speed of thirty miles per hour. The owners of the road roller were charged with negligence in parking the same approximately four feet off of the improved highway. Although the evidence was in dispute as to the exact distance, some of the testimony was that it was parked as much as seven feet and ten inches off the improved portion, the said roller having no lights upon either the front or rear as required by statute. The defendant Woolley was charged with negligence in certain respects in the operation of the automobile; wilful and wanton negligence was not charged; so on this issue one of the material questions was the relationship existing between the plaintiff and the defendant Woolley. Was he a passenger or a guest? This question was presented to the jury, which the appellant contends was error, that as a matter of law the relationship was not that of guest and host but passenger and driver. An examination of the record on this particular question discloses that the plaintiff requested Woolley to drive him to Lima on a little business he had with a "buddy" of the last war. After several discussions Woolley agreed to do so after the plaintiff said that he would furnish the gasoline. He also added that he would buy him several beers on payday. The plaintiff then drove Woolley's car to a filling station, purchasing approximately two dollars' worth of gasoline and the trip was started, the plaintiff driving the entire distance to Lima, but on the return trip he asked Woolley to drive, complaining that he was tired and soon falling asleep; that while sleeping the collision occurred.

We are of the opinion that the court did not err in submitting to the jury the question of the plaintiff's status and the application of §6208-6 GC, which is commonly known as the guest statute. Counsel for the appellant seeks to bring this case under the rule set down in **Miller v. Fairley, 141 Oh St 327**, where at **page 337** the court says;

"Adequacy or inadequacy of payment is only important where there is no specific or express contract for transportation. If the payment was adequate, it may be inferred that there was an implied contract for carriage as a passenger.

and where the payment was inadequate, it may be inferred that there was no such implied contract. But, where there is a specific contract for transportation, it matters not whether the payment is or is not commensurate with the cost of such transportation."

Appellant and appellee Woolley both refer to the case of **Duncan v. Hutchinson, 139 Oh St 185,** wherein the court seems to lay down certain rules governing what constitutes compensation for transportation. At page 188 of the opinion the court states as follows:

"As before stated, in this case no contention was made and no evidence was adduced to support a claim that defendant was guilty of wilful and wanton misconduct. The sole question to be determined is whether the plaintiff was a 'guest' or 'passenger.' This depends upon whether the transportation of the plaintiff was with or without 'payment therefor.'

"* * * Keeping in mind the purpose of the statute, it would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation will not take him out of the guest status fixed by the statute, unless payment for transportation as such was actually agreed upon.

"* * * On the other hand, where the relationship between the automobile host and a party riding with him has a business aspect and the transportation is supplied for their mutual benefit, any payment or service rendered to the automobile host by such person for the ride will constitute 'payment therefor' and will remove the automobile host from the protection of the statute.

"* * * It has generally been held that payment for transportation is made: (1) When the carriage is of a prospective purchaser of property which the automobile host has for sale and the trip is made for the purpose of inducing a sale; * * * (2) When the automobile host has a financial or business interest in the time or service of the passenger and the purpose of the transportation is to take the passenger to or from his place of employment * * *; (3) when the passenger is making the trip to assist the automobile host in arriving at the latter's destination or to perform some service for the latter's benefit * * *; (4) when a substantial or tangible benefit is conferred upon the automobile host in lieu of and for the transportation * * *; (5) When the automobile host and passenger embark on a joint adventure or enterprise in which each is equally or similarly interested, and which adventure or enterprise is of such moment and character as to indicate that payment is the motivating influence in providing the

transportation. * * *; (6) when the passenger is an involuntary occupant of the automobile * * *; (7) when the compensation is paid by a third person * * *.

"By the weight of authority, the sharing of the cost of gasoline and oil consumed on a trip taken for mutual pleasure or social purposes does not transform into a passenger one who without such exchange would be a guest, and is not 'payment' for transportation within the meaning of the Ohio Guest Statute * * * so as to make the automobile host liable to such guest in the absence of or wanton misconduct."

It will be noted that under the rules laid down above the only category in which the plaintiff could bring himself is No. 4. However, in order to come under this classification there are certain conditions which must exist which require a factual finding. We do not believe that the case of Miller v. Fairley, supra, is controlling here for the reason that the facts are not on all fours with the case at bar. In the Miller v. Fairley case the defendant and a decedent had a written contract which governed the transportation daily to their mutual place of employment. This, it would seem, was a business transaction. This case does not overrule Duncan v. Hutchinson, supra, but we think is in line with it. An examination of the record discloses that the relationship between these parties was one solely for the determination of the jury.

The appellant urges next that the road roller was parked upon the highway in violation of §6307-84 GC; that the defendant owners were guilty of negligence per se, and that the court should have so charged and submitted to the jury only the question of proximate cause. This section provides:

"All vehicles, including animal drawn vehicles and including those referred to in Section 76c (§6307-76c GC) not hereinbefore specified required to be equipped with lamps, shall at the time and under the circumstances specified in Section 76 (§6307-76c) hereof display at least one lighted lamp or lantern exhibiting a white light visible from a distance of approximately five hundred feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of approximately five hundred feet to the rear."

The record discloses that at the close of all of the evidence the plaintiff requested the court to give the jury the following special instruction before argument.

"Highway is defined as the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel; that is to say that the highway extends to the boundary lines of adjacent

privately owned property or from right of way line to right of way line and is distinguished from roadway which is that portion of the highway, improved, designed or ordinarily used for vehicular travel. These definitions apply as a matter of law and in considering the several sections of the uniform traffic act, or §6307 GC, et seq., you are bound to accept and apply the above definitions. Sec. 6307-84 GC of the Uniform Traffic Act renders it a mandatory duty that all vehicles, including road rollers, such as the one under consideration in this case, shall display at least one lighted lamp, or lantern, exhibiting a white light visible from a distance of approximately Five Hundred (500) feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of approximately Five Hundred (500) feet to the rear from one hour after sunset to one hour before sunrise, and at any other time when there is not sufficient natural light to render discernible persons, vehicles and substantial objects on the highway at a distance of Five Hundred (500) feet ahead.

"Such light, or lights, shall be displayed whether the vehicle is in motion or parked and stationary and shall be displayed whether the vehicle is upon the roadway or upon any other part of the highway.

"Failure to display lights as above required would constitute negligence per se so if you find that the road roller owned and operated by the defendants, Hinton Construction Company, was parked or standing upon any part of the highway within the right of way lines of said highway after one hour after sunset or before one hour before sunrise and without lights as above described, then the defendants, M. L. Hinton, John Bailey and Wilson Warrick, doing business as Hinton Construction Company, would be guilty of negligence as a matter of law and the sole question for the jury to determine will be whether or not that negligence was the proximate cause of the injury to the plaintiff."

Upon objection being made by all of the defendants the Court refused to give the foregoing special charge. This, we think, was prejudicial error as far as it applies to the owners of the road roller, but not as to the defendant, Woolley. It properly defines the duties of the aforesaid defendants under §6307-84 GC.

The Court in its general charge also charged upon §6307-83 GC which the appellant urges should not have been given. This section, it will be noted, has reference to vehicles parked or stopped upon a roadway or shoulder adjacent thereto. The pleadings disclose that the defendants were charged with park-

ing the road roller upon the highway, which was open to public travel, and not upon the roadway or shoulder thereof. An examination of §6307-2 GC discloses that the terms "highway" and "roadway" are not synonymous. Since a violation of §6307-83 GC was not in issue the charge upon it should not have been given and in all probability only tended to confuse the jury.

The court also charged upon contributory negligence which it is claimed was not in issue either upon the pleadings or the evidence. The appellees contend that it was for the reason that the evidence disclosed the following:

(1) Plaintiff drove the automobile earlier in the evening through the construction zone; hence he was charged with knowledge of its existence.

(2) Plaintiff was asleep at the time.

(3) Both parties in the car had been drinking and the plaintiff asked Woolley to drive in that condition.

There is no claim made that either of the parties was intoxicated although Woolley admitted having had several bottles of beer. We find nothing in the record which suggests that Woolley was in a condition which rendered him unfit to drive the automobile; hence it could not have been an act of negligence for the plaintiff to ask him to drive his own car. Neither may it be said that the plaintiff was negligent in going to sleep while passing over this portion of the highway. Negligence and contributory negligence are governed by the same rule, neither ever being presumed. The presumption is that a decedent, prior to his death caused by a collision by a vehicle of another in which he was riding as a guest, was acting as a person of ordinary care and prudence would have acted under the same or similar circumstances. **29 O. Jur. 627, Section 150; Bush v. Transfer Co., 146 Oh St 657.** Under the facts presented we find no evidence to support the charge on contributory negligence and the court erred in placing this issue before the jury. However, this error could not have been prejudicial in the action against the defendant, Woolley, since the jury found in a special interrogatory that the plaintiff was a guest and not a paid passenger. Therefore, under §6308-6 GC the verdict in favor of the owner of the automobile was the only one available. The error was prejudicial, however, to the plaintiff in the action against the other defendants who were the owners of the road roller, as it submitted to the jury an issue not properly before it.

It is urged that under the two issue rule, since a general verdict was returned, it must be determined that the jury found for these defendants on all issues, citing **Sites v. Haver-**

stick, 23 Oh St 626. But as to these defendants, since the negligence of the drvier cannot be imputed to the guest, the only issue was whether they were negligent in any manner which was a proximate cause of the injury.

We have considered all of the other errors assigned and find that none are well taken. The judgment will be affirmed as to the defendant Woolley and reversed and remanded as to the other defendants.

HORNBECK, PJ, WISEMAN, J, concur.